UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROSEMARY SMITH,

        Plaintiff,

v.

**DECISION AND ORDER**
09-CV-579S

MASTERCRAFT DECORATORS, INC.,

        Defendant.

## I. INTRODUCTION

Plaintiff, Rosemary Smith, a former employee of Defendant, Mastercraft Decorators Inc. ("Mastercraft"), brings this action alleging violations of 29 U.S.C. §§ 201, et seq., the Fair Labor Standards Act ("Labor Act"). (Docket No. 1.) Smith also alleges Mastercraft fraudulently induced her to leave her previous employer, eventually breached their employment contract, and violated New York State Labor Law, §§ 190 et seq. Presently before this Court is Mastercraft's Motion to Dismiss. (Docket No. 6) Mastercraft argues that this Court lacks subject-matter jurisdiction, that venue is improper, and that Smith has failed to state a claim for which relief can be granted. For the following reasons, Mastercraft's motion is granted.

## II. BACKGROUND

Before joining Mastercraft, Smith worked for Starline U.S.A. Inc. ("Starline"), a competitor in the "promotional products" industry. (Complaint, ¶ 11.) Both companies produce, sell, and distribute products that can be customized with a logo or slogan to promote a company, recognize an event, or mark a special achievement. (Id.) Smith's last position at Starline was Vice President of Sales and Marketing. (Id., 14.)

From 2000 to 2005, Smith asserts that Arthur Mcleod, the owner and CEO of Mastercraft, frequently attempted to recruit her. (Id., ¶¶ 16-21.) She eventually accepted an offer and signed an agreement on November 21, 2005, making her the Vice President of Sales and Marketing for Mastercraft. (Id., 35.) The position provided a base salary of $105,000 per year, health insurance benefits, and quarterly performance-based bonuses or commissions. (Id., ¶¶ 21, 35.) Smith states that she decided to leave Starline, where she earned a higher salary, for two principal reasons: (1) Mcleod represented that the company was on track to gross over $3 million in sales and (2) he promised to assign a sales staff to her position – nearly ensuring that she would be able to meet the sales quotas triggering the lucrative bonus. (Id., ¶¶ 29-31.) However, Smith alleges that Mcleod knew that the company was actually not on track to meet the 3 million dollar sales figure and that he never intended to provide her with a sales staff. (Id., ¶¶ 33-37.) Eventually Smith learned that the company made only $1.8 million in 2005. (Id., ¶ 40.) Further, despite repeated requests, Smith never received her support staff and she only received one bonus – though she claims she was entitled to more – in the time she worked for Mastercraft. (Id., ¶¶ 41, 42-45.)

On November, 25, 2008 Smith was told that her salary would be reduced by 50% and that the existing incentive package would be replaced with a new system. (Id., 47.) From that point, Smith's paycheck reflected a salary of $52,000 per year. (Id., 48.) In addition to compensation Mastercraft owed her from before the restructuring, Smith alleges that Mastercraft has refused to pay any commission under this new arrangement.

Upset by these conditions, Smith tendered her resignation on March 16, 2009. (Id., ¶ 61.) She commenced this litigation three months later.

## III.  DISCUSSION

**A.    Legal Standard**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely

allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Courts therefore use a two-pronged approach to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950. First, statements that are not entitled to the presumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

**B.   Analysis**

    **1.   The Labor Act**

Smith's only federal claim alleges that she regularly worked over 40 hours per workweek while employed by Mastercraft, and therefore, Mastercraft owes her overtime pay under § 207(a)(1) of the Labor Act. Mastercraft replies that Smith expressly acknowledged her exempt status in her employment contract and, notwithstanding that language, she is, in fact, an exempt employee under the Act and therefore not subject to its overtime pay mandates. § 207(a)(1) reads:

4

> Except as otherwise provided in this section, no employer shall employ any of his employees . . . [for] longer than forty hours [in any workweek] unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

However, the entirety of Smith's factual allegation that she worked overtime is found in one sentence. It reads: "During the period of her employment with Mastercraft, Plaintiff routinely worked in excess of forty (40) hours per week." (Complaint, ¶ 62) (emphasis in original). Under Iqbal and Twombly, however, this bare allegation is insufficient to plead a violation of the overtime provision of the Labor Act. See Zhong v. August August Corp., 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007) ("Simply stating that a plaintiff was not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA.") (citing Acosta v. Yale Club of New York City, No. 94 Civ. 0888, 1995 WL 600873, * 4 (S.D.N.Y. Oct. 12, 1995). It amounts to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. 1937 at 1949 (citing Twombly, 550 U.S. at 555). "Where a plaintiff alleges violations of the [Labor Act's] . . . overtime wage provisions, the complaint should, at least approximately, allege the hours worked, for which wages were not received." Zhong, 498 F. Supp. 2d at 628. Smith asserts no approximation of the hours that she worked, indeed, she makes no attempt at such an approximation. For these reasons, she has not properly pled a Labor Act violation and her claim is accordingly dismissed under Fed R. Civ P. 12(b)(6) without prejudice.[1] See Kittay

---

[1] This Court is doubtful that even a properly pled claim would entitle Smith to relief. The Labor Act exempts from its reach salaried employees who perform executive, administrative, and/or professional duties. 29 C.F.R. §§ 541 et seq. Considering the record before this Court – although undeveloped – it is likely that Smith, as Vice President of Sales and Marketing earning first a six figure salary and later over $50,000 per year, would fall within one of these exemptions.

v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) (applying abuse of discretion standard when claim was dismissed under Rule 12(b)(6) because the reason for dismissal was failure to satisfy the pleading standard of Rule 8).

### 2. Remaining State Law Claims

Having disposed of Smith's only federal claim falling within this Court's original jurisdiction, this Court finds it appropriate to decline to exercise supplemental jurisdiction over Smith's claims regarding breach of contract, fraudulent inducement, and New York Labor Law. See 28 U.S.C. § 1367(c)(3). The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.)

Accordingly, this Court declines to exercise supplemental jurisdiction over Smith's state law claims. Instead, this Court dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons discussed above, Mastercraft's Motion to Dismiss is granted as to Smith's Labor Act claim.  Further, this Court declines to exercise supplemental jurisdiction over Smith's remaining state law causes of action.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 6) is GRANTED and Plaintiff's Labor Act claim is DISMISSED without prejudice.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are hereby DISMISSED pursuant to 28 U.S.C. § 1367(c)(3) without prejudice.

FURTHER, that the Clerk of the Court is directed to close this case.

Dated:     October 25, 2011
           Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court